UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES C. OSBORNE,

                Plaintiff,

    v.

BRUCE DAMMEIER, et al.,

                Defendants.

CASE NO. 3:17-cv-06047-BHS-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

Plaintiff James C. Osborne, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges his constitutional rights were violated when his schizophrenia medication was withheld and when he was unconstitutionally placed in segregation. However, he has not alleged personal participation by any of the named defendants. Having reviewed and screening plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint because plaintiff has yet to plead sufficient facts to demonstrate that defendants violated his constitutional rights. However, the Court provides

1 plaintiff leave to file an amended pleading by March 2, 2018, to cure the deficiencies identified
2 herein.

**BACKGROUND**

Plaintiff appears to be a pretrial detainee who is currently housed at Western State Hospital. *See* Dkt. 4. Though unclear, his complaint alleges that he was mistreated while detained at the Pierce County Jail ("Jail"). Dkt. 1, Attachment 1 at 3. He states he was refused his prescription for schizophrenia when he entered the Jail and that staff continued to refuse his medication despite his protests. *Id*. He also alleges that he was unlawfully housed in segregation and that, when he did share a cell, it was with a sex offender who attempted to assault him. *Id*. He seeks relief in the form of $3 million and what appears to be a request for an injunction requiring the Jail to hire more psychiatric staff. *Id*. at 4.

**DISCUSSION**

**I.     Personal Participation by Defendants**

Though his complaint is unclear, plaintiff appears to allege that officials in the Jail denied him adequate mental health care and housed him in unconstitutional conditions. However, plaintiff does not explain any personal actions by the named defendant. These allegations are insufficient to state a claim under § 1983.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or failing to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are

insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Here, plaintiff has not shown personal participation by defendants. He states that upon entry to the Jail, his schizophrenia medication was withheld. Dkt. 1, Attachment 1 at 3. He further alleges that staff "told [him] flat out we're not giving you anything . . . ." *Id*. He also claims Jail staff unlawfully held him in segregation and that, when he was housed with a cellmate, the cellmate was a sex offender who attempted to assault him. *Id*. However, he does not explain how any of the defendants participated in these alleged constitutional violations. He provides no particular actions or names, instead referring to the alleged actors as "pill lady," "mental health," and simply "they." *Id*. Without providing more particularity, plaintiff has failed to allege personal participation by any of the named defendants.

In addition, read liberally, plaintiff's complaint raises claims against defendants in their supervisory capacities. However, as noted above, plaintiff cannot recover based on vicarious liability alone. Rather, he must demonstrate that a defendant's own conduct violated plaintiff's rights. *Harris*, 489 U.S. at 185-90. Further, a supervisor will only be liable for the actions of his or her subordinates if he or she participated in or directed the alleged violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has not made such allegations here. Because of this, plaintiff has not brought allegations that properly state a claim for supervisory liability and has not yet alleged personal participation. Therefore, the Court declines to serve his complaint at this time.

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 3

If plaintiff wishes to pursue this § 1983 action, he must provide an amended complaint with a short, plain statement explaining *exactly* what the named defendants did or failed to do and how the actions violated plaintiff's constitutional rights and caused him harm.

**II.      Instructions to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) *the name or names of the person or persons who violated the right*; (3) *exactly what each individual or entity did or failed to do*; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement.  An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).  Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will

not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein **on or before March 2, 2018**, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this order and Pro Se Instruction Sheet to plaintiff.

Dated this 26th day of January, 2018.

J. Richard Creatura
United States Magistrate Judge